NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAEEM AHMAD,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>COUNTRYWIDE HOME LOANS INC; et al.,<br><br>　　　　　Defendants-Appellees. | No. 13-17309<br><br>D.C. No. 2:12-cv-01331-MCE-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 13, 2018[**]

Before:　　LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

　　Naeem Ahmad appeals pro se from the district court's judgment dismissing

his action alleging federal claims arising from foreclosure proceedings.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Ahmad's Real Estate Settlement Procedures Act ("RESPA") claims concerning disclosures because any such claim was barred by the statute of limitations, and because there is no private right of action for violation of 12 U.S.C. § 2603(b). *See* 12 U.S.C. § 2614 (statute of limitations); *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557 (9th Cir. 2010) (no private right of action under 12 U.S.C. § 2603).

The district court properly dismissed Ahmad's RESPA claims concerning Bank of America's failure to respond to Ahmad's Qualified Written Request ("QWR") because Ahmad failed to allege facts sufficient to show he suffered damages as a result. *See* 12 U.S.C. § 2605(f)(1) (explaining damages available under RESPA for failure to respond to a QWR). The district court properly dismissed Ahmad's additional QWR-related RESPA claims because Ahmad failed to allege facts sufficient to show he sent any other QWRs to defendants acting as loan servicers. *See* 12 U.S.C. § 2605(e) (QWR statute limited to loan servicers).

The district court properly dismissed Ahmad's Fair Debt Collection Practices Act ("FDCPA") claims related to actions defendants took in connection with commencing a non-judicial foreclosure of Ahmad's property because "actions

13-17309

taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 572 (9th Cir. 2017).

The district court properly dismissed Ahmad's FDCPA claims against Countrywide Home Loans, Inc., American Pacific Mortgage Corp., ReconTrust Co., N.A., and Mortgage Electronic Registration Systems, Inc. because Ahmad failed to allege facts sufficient to show these defendants were "debt collectors" within the meaning of that statute. *See* 15 U.S.C. § 1692(a)(6) (defining a "debt collector" as one who "regularly collects . . . debts owed . . . or due another" and excluding those collecting "a debt which was not in default at the time it was obtained by such person").

The district court properly dismissed Ahmad's FDCPA claims against Bank of America, N.A. and Bayview Loan Servicing, LLC because Ahmad failed to allege facts sufficient to show these defendants used any "false, deceptive, or misleading . . . means in connection with the collection of a debt," or otherwise violated any provision of the FDCPA. *See* 15 U.S.C. § 1692e (prohibiting false, deceptive, or misleading means in connection with collection of a debt); § 1692g(a)(3) (providing 30 day period for consumer to dispute a debt).

13-17309

The district court did not abuse its discretion in not granting Ahmad leave to file a second amended complaint. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court "acts within its discretion to deny leave to amend when amendment would be futile"); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion "particularly broad" when it has already granted a plaintiff leave to amend).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**